**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JEANETTE BROWN, | |
| Plaintiff, | Case No. 1:23-cv-10 |
| v. | Dlott, J.<br>Bowman, M.J. |
| DOMINION MANAGEMENT SERVICES LLC, | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

By separate Order issued this date, Plaintiff Jeanette Brown has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned recommends that the complaint be dismissed.

**I. General Screening Authority**

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which

clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion

couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

## II. Analysis

Plaintiff's complaint identifies two Defendants: (1) Dominion Management Services LLC c/o CT Corporation Systems, Registered Agent, and (2) Tina – LNM Property Manager.[1] (Doc. 1-1 at 2, PageID 5). Plaintiff does not identify any specific basis for her claims or for jurisdiction in this Court. Plaintiff's "Statement of Claim" is as follows:

> March 2019 went to apply for housing – come back
> April 2019 – come back
> May 2019 – come back
> August 2019 come back
> Sept 2019
>
> Jan 2020 Received – filled out – never heard anything in shelter, called person (Tina) was in email, removed me from a list I was never on. Black over 55 – disability. I came to office 5 times to get application she denied me 5 times lied said I was on wait list to hud [sic] but said I was removed for what? [Illegible] filed complaint 2/21 → with hud – complaint accepted – discrimination was sent o t [sic] OCR – housing discrimination.
>
> Called March 8, 2021 –
> Age
> Race
> Disability
> Filed complaint
> One said Tina, was in email of Jeanette Brown

---

[1]The address that Plaintiff provides for Defendant "Tina" corresponds with the address of "Courtyard Apartments," a development designed for adults aged 62 years and older. See https://www.courtyard-apartments.com/ (accessed on January 9, 2023).

> Screen shot
> Turned away 1 year for housing
> Rebutted –
> Called 721 – Home several times complaints of Tina being a disgrace to tenets [sic].

(Doc. 1-1 at 3, PageID 6).  As relief, Plaintiff seeks monetary compensation for being "homeless in my own city 3 years." (Doc. 1-1 at 4, PageID 7). She seeks "[j]ust compensation for 3 years of losing monies, staying in shelters, losing all personal items. Compensation $1,863,000.00. Asking will go lower if necessary." (*Id*.)

The undersigned liberally construes Plaintiff's complaint as alleging that the two named Defendants took some type of action in violation of her federal civil rights. Although no specific federal laws are referenced, the undersigned reasonably construes the complaint as arising under 42 U.S.C. §§ 1982 and/or the Fair Housing Act, 42 U.S.C. §3601 *et seq.*  The undersigned further infers that Plaintiff believes that she faced some form of housing discrimination based upon her protected status as a black female over the age of 55 with some form of disability.

Despite the undersigned's liberal construction of her complaint, Plaintiff has failed to allege sufficient factual "detail from which this Court can discern any conceivable claim" against either of the named Defendants. Instead, the complaint offers nothing "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). For example, the allegations against Defendant "Tina" allege that she removed Plaintiff from some type of "list" on an unknown date, and/or failed to give Plaintiff an "application" and/or "lied" about Plaintiff being on some type of wait list on unknown dates. None of these vague and conclusory allegations are sufficient to give rise to an inference of discrimination, and none are sufficient to state any

claim against "Tina" as a matter of law. Additionally, the complaint contains no allegations at all against Defendant Dominion Management Services LLC

At the pleading stage, "broad and conclusory allegations of discrimination cannot be the basis of a complaint and a plaintiff must state allegations that plausibly give rise to the inference that a defendant acted as the plaintiff claims." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012) (emphasis added). Therefore, a "complaint that includes only conclusory allegations of discriminatory intent without supporting factual allegations does not sufficiently show entitlement to relief." *Id.*; *accord Franco-Ward v. Nations Credit Corp.*, 2000 WL 875894 (6th Cir., June 20, 2000) (affirming dismissal of retaliation and intimidation claims under 42 U.S.C. § 3617, because plaintiffs' allegations of racial discrimination were conclusory and unsupported by factual allegations to support claims); *see also McQueen v. City of Cincinnati*, 2020 WL 6557590, at *3 (S.D. Ohio, Nov. 9, 2020), adopted at 2021 WL 1909765 (S.D. Ohio May 12, 2021). ("To the extent that Plaintiff intended to state some form of claim under the Fair Housing Act or under 42 U.S.C. § 1983, she fails to include any factual content or context from which the Court may reasonably infer that any of the identified Defendants discriminated against her in violation of the Fair Housing Act or otherwise violated any of Plaintiff's federal or constitutional rights.").

### III. Conclusion and Recommendation

Plaintiff's allegations lack sufficient factual detail to state any plausible claim against either of the two named Defendants. Accordingly, **IT IS RECOMMENDED THAT** this case be **DISMISSED** under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

5

                                                          *s/Stephanie K. Bowman*
                                                          Stephanie K. Bowman
                                                          United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JEANETTE BROWN,

    Plaintiff,

v.

DOMINION MANAGEMENT SERVICES LLC,

    Defendants.

Case No. 1:23-cv-10

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).